Filed 8/4/26  Calmat Co. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CALMAT CO. et al., | |
| Petitioners, | E087510 |
| v. | (Super.Ct.No. RIC1904276) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| JAMES JOHN BROTHERS et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Dorothy McLaughlin, Judge.  Petition granted.

Yoka Smith, R. Bryan Martin; Kimberly A. Byrge; Horvitz & Levy, Robert H. Wright and Steven S. Fleischman for Petitioners Calmat Co. and Heritage Logistics.

No appearance for Respondent.

The Vartazarian Law Firm, Steven R. Vartazarian and Matthew J. Whibley for Real Parties in Interest James John Brothers and Betty R. Summerville.

Demler, Armstrong & Roland, Brian C. Dunn and James V. Weixel for Real Party in Interest Guzman Grading & Paving.

No appearance for Real Parties in Interest J & I Transportation and Sergio Ortega.

Heritage Logistics, LLC (Heritage), and Calmat Co., which does business as Vulcan Materials Company (Vulcan), filed a cross-complaint for apportionment and indemnity that included fictitiously named Roe defendants.  Heritage and Vulcan amended the cross-complaint to name Guzman Grading & Paving Corporation (Guzman) in place of Roe 1.  Guzman moved to dismiss because the summons was served more than three years after the filing of the cross-complaint.  (Code Civ. Proc., §§ 583.210, subd. (a) & 583.250, subd. (a)(2).)[1]  The trial court granted Guzman's motion to dismiss.

Heritage and Vulcan petition this court for a peremptory writ of mandate directing the trial court to vacate its order granting Guzman's motion to dismiss and enter an order denying the motion because the June 2025 service on Guzman was timely.  We grant the petition and issue the writ with directions.

---

[1]  All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

2

## FACTS

A.  <u>INJURY</u>

In July 2019, James John Brothers (Victim) was working at a construction site. Sergio Ortega (Driver) was driving a dump truck in reverse when the truck struck Victim allegedly "causing catastrophic crush injuries to his lower extremity." The dump truck was filled with asphalt belonging to Vulcan. Heritage "is a solely owned subsidiary of ... Vulcan," which contracts with drivers to transport Vulcan's asphalt. Victim brought a personal injury lawsuit against Heritage,[2] Vulcan, Driver, and others.

B.  <u>CROSS-COMPLAINT, APPEAL, AND STAY</u>

In February 2021, Heritage and Vulcan cross-complained against Hinkley & Associates, Inc. (Hinkley) and Roes 1 through 10 seeking apportionment and indemnity. The trial court granted summary judgment in favor of Hinkley. On September 29, 2022, the trial court entered judgment in favor of Hinkley but did not dismiss the balance of the cross-complaint.

In April 2023, the trial court granted summary judgment in favor of Heritage and Vulcan on Victim's first amended complaint. Victim appealed. In June 2023, the trial court issued an order staying proceedings during the appeal. In July 2024, our colleagues in Division Three reversed the judgments entered in favor of Heritage and Vulcan. The appellate court's remittitur is dated October 17, 2024. On October 23,

---

[2] Heritage is not named in the caption of Victim's first amended complaint. However, Heritage is listed as a party in the body of the first amended complaint along with allegations that Heritage is an alter ego of Vulcan.

2024, the trial court set aside its order granting summary judgment in favor of Heritage and Vulcan and set a case management conference for December 2024.

On June 2, 2025, Heritage and Vulcan submitted to the trial court clerk an amendment to their cross-complaint naming Guzman in place of Roe 1. Guzman allegedly had a role in directing traffic at the construction site. Guzman was served with a summons on June 11, 2025, by substituted service and mail.

On June 24, 2025, the trial court clerk rejected Heritage and Vulcan's June 2, 2025, amendment to their cross-complaint because the "Case Status is reflected as 'Stayed'." The next day, the trial court clerk rejected Heritage and Vulcan's proof of service of the summons because (1) Guzman was not a party, and (2) the "cross-complaint is no longer at issue as summary judgment was entered as of 09/29/2022."

On July 1, 2025, the trial court clerk accepted and file-stamped Heritage and Vulcan's resubmitted amendment to the cross-complaint naming Guzman in place of Roe 1. Guzman was again served with a summons by substituted service and mail on August 5, 2025.

C.    MOTION TO DISMISS

In moving to dismiss the claims against it, Guzman asserted the August 2025 service of summons occurred more than three years after the cross-complaint was filed, when accounting for the stay, so dismissal was mandatory. (§§ 583.210, subd. (a), 583.250, subd. (a)(2).)

In opposing the motion, Heritage and Vulcan contended that their June 2025 service on Guzman was timely but improperly rejected by the trial court clerk.

4

In Guzman's reply, it asserted, "[Heritage and Vulcan] also claim that service on Gu[z]man was actually accomplished on June 11, 2025, because they claim that Guzman was 'served' with a cross-complaint that they know was not actually filed and accepted by the court as of that date."  Guzman continued, " 'The mere fact that the clerk received it ... did not constitute a filing.'  (*Davis & Son v. Hurgren & Anderson* [(1899)] 125 Cal. 48, 51.)"[3]

F.    RULING

The trial court granted Guzman's motion to dismiss.  In its ruling, the trial court wrote, "Due to the court clerk's mistaken rejection of [Heritage and Vulcan's] initial filing of their Roe amendment due to the clerk believing the case was still 'stayed,' when it was not, [Heritage and Vulcan] were required to refile and re-serve Guzman a second time on 8/5/25."  The trial court determined that the deadline to serve Guzman was June 27, 2025.  Because Heritage and Vulcan missed that deadline, the trial court dismissed the claims against Guzman.

---

[3]  In greater context, the Supreme Court case provides:  "On that day the appellants sent their notice of motion to the clerk, but the clerk did not file the same *because the fee therefor was not paid*; and three days afterward, at the request of the appellants, who then paid the fee, the clerk indorsed it as filed February 23d.  The act of March 28, 1895 [citation], provides that on the filing of a notice of a motion for a new trial the party filing the same must pay to the clerk a fee of two dollars, and that 'county officers must .... demand the payment of all fees in civil cases in advance.'  The notice, therefore, was not filed in time; *the mere fact that the clerk received it on the 23d did not constitute a filing; it was not his duty to file it without the fee*; he did not file it; and he could not have been compelled to file it on that day."  (*Davis v. Hurgren*, *supra*, 125 Cal. at pp. 50-51, italics added.)

**DISCUSSION**

Heritage and Vulcan contend the trial court erred in granting Guzman's motion to dismiss because the June 2025 service on Guzman was timely. We agree.

The facts are undisputed, so we apply the de novo standard of review. (*Hunt v. Superior Court* (2000) 81 Cal.App.4th 901, 905.) Heritage and Vulcan had three years to serve Guzman, after filing the cross-complaint. (§§ 583.210, subd. (a), 583.250, subd. (a)(2); *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398.) If service was not accomplished within the three-year period, then dismissal would be mandatory. (§ 583.250, subd. (a)(2); *Higgin v. Superior Court* (2017) 15 Cal.App.5th 973, 979.)

"Filing" means actual delivery of the document to the court clerk while the court is open (*United Farm Workers of America v. Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 918; *Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1172), when all the necessary filing requirements have been met, such as timeliness and paying the filing fee (*Davis v. Hurgren*, *supra*, 125 Cal. at p. 51; *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457, 461-462; *Carlson v. State of California Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1274-1275; *Mito v. Temple Recycling Center Corp.* (2010) 187 Cal.App.4th 276, 280).

"The actual indorsement of the instrument is not a necessary part of the filing, but is mere evidence of that fact. [¶] An officer is presumed to have performed his duty, and one may not be prejudiced by the mere failure of an officer to perform his ministerial duty. When the instrument is deposited with the proper officer, at the proper place for the purpose of filing, in contemplation of law, it is deemed to have been filed."

(*In re Sankey's Estate* (1926) 199 Cal. 391, 396; see also *A & B Metal Products v. MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647.)

The only reason given for rejecting the Roe amendment was the clerk's mistaken belief that the stay was active. Because there was not a proper basis for rejecting the Roe amendment, it must be deemed filed when it was presented to the clerk on June 2, 2025. (See *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, 778 ["Because here the clerk had no proper basis for rejecting Rojas's complaint, it must be deemed filed when it was presented on November 7, 1996"].)

Because the Roe amendment is deemed filed, the June 11, 2025, service on Guzman was effective in that Guzman was a named party when served. The trial court calculated the three-year service deadline as being June 27, 2025. Thus, the June 11, 2025, service was timely.

Guzman contends that if the Roe amendment and service were accomplished within the mandatory dismissal three-year deadline (§§ 583.210, subd. (a), 583.250, subd. (a)(2)), then the trial court could have exercised its discretion to dismiss the case for failure to serve Guzman within two years (§ 583.420, subd. (a)(1)). Discretionary dismissal under a two-year deadline was not argued in the trial court. It is not our role to predict how the trial court might exercise its discretion if presented with such an argument. Accordingly, we leave that issue for the trial court to address in the first instance, if the issue is raised in the trial court. (*Gonzalez v. County of Los Angeles* (2004) 122 Cal.App.4th 1124, 1131-1132.)

Next, Guzman asserts it has suffered prejudice from the delay in prosecution due to the large volume of discovery that was conducted prior to Guzman being named as a party. Guzman further asserts that Victim will be prejudiced by the addition of Guzman because Guzman will need a year to review the evidence and conduct its own discovery. Guzman fails to cite to evidence of a large volume of discovery, such as a declaration giving the number of deposition transcripts and interrogatories and describing their length. (See *Highland Stucco & Lime, Inc. v. Superior Court* (1990) 222 Cal.App.3d 637, 645 [evidence needed to support claim of prejudice].)

Further, Guzman's arguments cut against each other. In attempting to demonstrate that Heritage and Vulcan were dilatory in naming Guzman as a cross-defendant, Guzman went into detail about the discovery conducted in 2020 that demonstrated Guzman's involvement at the construction site, such that Heritage and Vulcan should have known to name Guzman earlier in the case.[4]    From that

---

[4] Guzman asserts: "At his deposition on January 9, 2020, [Victim] testified that he had rented paving equipment from Guzman, and that Guzman personnel were operating the paving equipment on site. [Citation.] Thus, as of that date, [Heritage and Vulcan] were aware that Guzman had provided rental paving equipment to [Victim] for use on this paving project, and that they had provided Guzman employees to operate the rental paving equipment.

"On March 4, 2020, less than two months later, [Driver] was deposed. [Driver], who was driving the asphalt dump truck that backed over and injured [Victim], testified that the paver operator (whom [Victim] had already established was from Guzman) yelled and waved at [Driver] with his arm to proceed with backing up towards the paver, which [Driver] did, and ultimately led to him backing over and severely injuring [Victim] with his dump truck.

"Two months later, on May 11, 2020, JB Paving employee Jose Lamas was deposed. In that deposition, Lamas confirmed that Guzman workers were responsible for running the asphalt paver machine at the site on the day of incident and at the time his boss, [Victim], was injured."

argument, it appears that Guzman is well acquainted with the evidence and will not suffer or cause prejudice by being added as a named party. Thus, Guzman's prejudice argument is unpersuasive.

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the trial court to (1) vacate its order granting Guzman's motion to dismiss, (2) enter an order denying Guzman's motion to dismiss, (3) deem Heritage and Vulcan's Roe amendment filed on June 2, 2025, and (4) deem the June 11, 2025, service on Guzman effective. Heritage and Calmat Co. (dba Vulcan) are awarded their costs associated with this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).) The stay issued by this court on March 27, 2026, is dissolved.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS.


MILLER _____
                                    J.


We concur:

RAMIREZ _____
                     P. J.

McKINSTER _____
                          J.